UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Case No. 1:15-cv-14042

SUZETTE WOOD, DENISE ASH,
EDWARD KORBINSKI, DANIEL PROUGH,   Hon.
EDDIE BABCOCK, RUSSELL RULASON,
TINA WHITE, DAVID BRYANT, AND
BARBARA KING,

-vs.-                                                                            COMPLAINT

MIDLAND FUNDING, CO. LLC, AND
WELTMAN, WEINBERG & RIES, CO., LPA,
_____/

Arvid Perrin (P25470)
Attorney for Plaintiffs
P.O. Box 1646
Houghton Lake, MI 48629
_____/

# COMPLAINT

Plaintiffs, Suzette Wood, Denise Ash, Edward Korbinski, Daniel Prough, Eddie Babcock, Russell N. Rulason, Tina White, Barbara King and David Bryant, come individually and jointly pursuant to FRCP 20, through their counsel, Arvid Perrin, and state their complaint as follows:

1. This is an action for damages, brought against debt collectors for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION

2. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

1

## PARTIES

3. Plaintiffs are each natural adult individuals residing in Roscommon or Ogemaw Counties, Michigan. Plaintiffs are "consumers" and "persons" as the terms are defined and used in the FDCPA.

4. The Defendant Midland Funding, LLC, (hereafter, Midland), at all times relevant hereto, is and was a limited liability company engaged in the business of debt collection within the State of Michigan with a primary location at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

5. The Defendant Weltman, Weinberg & Ries, Co., LPA (hereafter Weltman) is a corporation and law firm engaged principally in the business of debt collection in the State of Michigan with principle offices at 2155 Butterfield Drive. Suite 200-S, Troy, MI 48084.

6. Both Defendants Midland and Weltman are debt collectors as defined by the FDCPA and Midland is vicariously liable for the actions of Weltman.  Weltman is vicariously liable for the acts of the attorneys it employees.

## VENUE

7. The transactions and occurrences which give rise to this action occurred in Roscommon County, Michigan or Ogemaw County, Michigan, depending on the Plaintiff's county of residence.

8. Venue is proper in the Eastern District of Michigan, Northern Division.

## FACTUAL ALLEGATIONS

9. Prior to the events hereinafter described Plaintiffs allegedly incurred consumer debts for personal and household expenses and purchases, which they allegedly failed to repay.  As a consequence suits were brought by Defendants in the 82nd District Court of Michigan, against each Plaintiff, on complaints filed by defendant attorneys.

10. The facts alleged herein as the basis for Plaintiffs' claims are contained in the documents submitted by Defendants to the 82nd District Court, to wit:

    a. Motion and Verification for Alternate Service, form MC 303.

    b. Order Regarding Alternate Service, form MC 304.

    c. Order for Service by Publication/Posting and Notice of Action, form MC 307.

    d. Affidavit of Publication

11. The documents referenced in paragraph 10, above, are contained in the following attached exhibits related to each individual Plaintiff's claim:

    a. Exhibit "A" as to Plaintiff Suzette Wood.

    b. Exhibit "B" as to Plaintiff Suzette Wood.

    c. Exhibit "C" as to Plaintiff Denise Ash.

    d. Exhibit "D" as to Plaintiff Edward Korbinski.

    e. Exhibit "E" as to Plaintiff Daniel Prough.

    f. Exhibit "F" as to Plaintiff Eddie Babcock.

    g. Exhibit "G" as to Plaintiff Russell N. Rulason.

    h. Exhibit "H" as to Plaintiff Tina White.

    i. Exhibit "I" as to Plaintiff David Bryant.

    j. Exhibit "J" as to Plaintiff Barbara King.

12. Michigan Rules of Court (MCR 2.105(A)) permit service of process on individuals as follows:

> Process may be served on a resident or nonresident individual by,
>
> > (1) delivering a summons and a copy of the complaint to the defendant personally; or
> > (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return

      receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

13. Plaintiffs are all individuals.

14. Private process servers contracted by Defendants made various visits to plaintiffs' residences in unsuccessful attempts to deliver a summons and a copy of the complaint to Plaintiffs personally.

## COUNT ONE

## FALSE STATEMENTS MADE

## IN CONNECTION WITH COLLECTION OF DEBTS

15. Plaintiff incorporates the preceding allegations by reference.

16. In each of the lawsuits filed by Defendants against Plaintiffs in the 82nd District Court of Michigan, Defendant attorneys submitted motions for alternate service on State Court Administrator's Office approved forms titled "Motion and Verification for Alternate Service" (hereafter form MC 303).

17. In each case attorneys employed by Defendants signed the form MC 303 certifying "I declare that the statements above are true to the best of my information, knowledge and belief."

18. Among the statements Defendant attorneys declared to be true, was in the first paragraph of form MC 303, to wit: "1. Service of process upon [name of the individual] cannot reasonably be made as otherwise provided in MCR 2.105, as shown in the following verification of process server."

19. In each instance Defendant attorneys submitted to the state court documentation from the U.S. Postal Service verifying the postal addresses of Plaintiffs.

4

20. At the time the certified statements in form MC 303 were signed by defendant attorneys, and filed with the state court, there was no evidence that service of process by registered or certified mail had been attempted; that the postal addresses of the Plaintiffs herein were unknown; or that there was any unreasonable impediment to service by registered or certified mail.

21. At the time defendant attorneys signed the form MC 303 certifications, they had reason to know that service of process on Plaintiffs by registered or certified mail had never been attempted.

22. The sworn statements of defendant attorneys in form MC 303 that "service cannot be made as allowed under MCR 2.105" are false, disingenuous, and misleading in each instance, because Defendants had, at that time, made no effort to serve the Plaintiffs herein by registered or certified mail as specifically allowed under the rule.

23. The false and misleading statements by Defendants in form MC 303 were made in connection with the collection of debts and in violation of 15 USC §1692e.

COUNT TWO
PUBLICATION OF NAMES OF ALLEGED DEBTORS
IN THE LOCAL NEWSPAPERS.

24. Plaintiff incorporates the preceding allegations by reference.

25. Relying upon the false statements of defendant attorneys in form MC 303, the 82nd District Court issued Orders Regarding Alternate Service on form MC 304 and Orders for Service by Publication/Posting and Notice of Action (MC 307) directing that a copy of the order

be published for three consecutive weeks in the Houghton Lake Resorter, in the cases arising in Roscommon County; or the Ogemaw County Herald, in cases arising in Ogemaw County.

26.     The orders for publication (form MC 307) prepared and submitted by the defendants to the 82nd District Court for signing; and subsequently caused by the defendants to be published contained the names and addresses of the alleged debtors, that they were being sued to collect a debt, the origin of the debt, and the amount of the debt.

27.     It was the defendant attorneys themselves, not the state court judge, who composed the words on the forms MC 307 which defendants submitted to the state court with the intent that they be published to the general public in the Houghton Lake Resorter or the Ogemaw County Herald, as the case maybe.  Thus it was the defendants, not the state court judge, who determined the content of the published notices.

28.     It was the defendants themselves, not the state court judge, who submitted the orders for publication to the Houghton Lake Resorter or the Ogemaw County Herald, and who paid for the publications, with the intent that the cost of publication be added to the judgments they sought.

29.     The publications made in the cases of the individual plaintiffs contain the following statements:

   a.     In the case of Midland Funding, LLC v. Suzette Wood, file #15-293-GC:

   **"To: Suzette Wood IT IS ORDERED: You are being sued in this court by the plaintiff for monies due to Chase Member Bank for the amount over $4,320.71."** Which was last published on August 27, 2015.

    b.    In the case of Midland Funding, LLC v. Suzette Wood, file #15-311-GC:

**"To: Suzette Wood IT IS ORDERED: You are being sued in this court by the plaintiff for monies due to Chase Card Member Services for the amount over $3,012.06."** Which was last published on August 27, 2015.

    c.    In the case of Capital One Bank (USA), NA v. Denise Ash, file #15-246-GC:

**"To: Denise Ash IT IS ORDERED: You are being sued in this court by the plaintiff for the monies due Capital One, NA in the amount over $16,656.46."** Which was last published on September 17, 2015.

    d.    In the case of Midland Funding, LLC v. Edward Korbinski, file #15-97-GC:

**"To: Edward Korbinski IT IS ORDERED: You are being sued in this court by the plaintiff for the monies due on HSBC Bank Nevada NA in the amount over $878.71."** Which was last published on June 4, 2015.

    e.    In the case of Midland Funding, LLC v Daniel Prough file #15-282-GC:

**"To: Daniel Prough IT IS ORDERED: You are being sued in this court by the plaintiff for the monies due GE Capital Retail Bank for the amount over $6,154.08."** Which was last published on October 8, 2015.

    f.    In the case of Midland Funding, LLC v Eddie Babcock file #15-310-GC

**"To: Eddie Babcock IT IS ORDERED:  You are being sued in this court by the plaintiff for the monies due Home Depot in the amount of over $1,864.24.** Which was last published on September 3, 2015

    g.    In the case of Discover Bank v. Russell N. Rulason, Jr. file #15-107-GC:

**"To: Russell N. Rualson IT IS ORDERED: You are being sued in this court by the plaintiff for the monies due on a Discover Bank credit card in the amount over $2,010.47."** Which was last published on July 23, 2015.

    h.    In the case of Midland Funding, LLC v. Tina White file #15-160-GC:

**"To: Tina White IT IS ORDERED: You are being sued in this court by the plaintiff for the monies due Finger Hut for the amount over $2,495.37."**

    i.    In the case of Midland Funding, LLC v. David Bryant file #14-294-GC:

**"To: David Bryant IT IS ORDERED: You are being sued in this court by the plaintiff for the monies due on a GE Capital Retail Bank credit card in an amount over $580.01.**

    j.    In the case of Midland Funding, LLC v. Barbara King file #14-335-GC:

**"To: Barbara King IT IS ORDERED:  You are being sued in this court by the plaintiff for monies due on a Webbank Credit Card in an amount over $1,729.40."** Which was last published on January 29, 2015.

30.    The above notices were each published for three consecutive weeks, with the exception of the cases referenced in sub-paragraphs 29a and 29b, above, which were published for two consecutive weeks, as shown by the Affidavits of Publication attached in the Plaintiffs' respective exhibits.

31.    The Houghton Lake Resorter is the only newspaper of general circulation in Roscommon County, and has a paid circulation of approximately 6,500, in addition to an on-line publication.  The

Ogemaw County Herald is the only newspaper of general jurisdiction in Ogemaw County and has a paid circulation of approximately 4,000.

32. The above published notices were each a communication in connection with the collection of a debt, as defined at 15 U.S.C. §1692a(2).

33. Defendant's foregoing acts in attempting to collect these alleged debts violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692c(b) by communicating with a third party to the debt without permission from the Plaintiffs or legal justification.

    b. 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    c. 15 U.S.C. §1692d(3) by publishing names of multiple individuals in issues of the local newspapers as consumers who allegedly refuse to pay their debts.

    d. Excepting the publications cited in sub-paragraphs 29c and 29g, above: 15 U.S.S. §1692e(2)(A) by misrepresenting that Midland Funding, LLC was suing to collect debts alleged to be due another when the actual pleadings in each case allege the debt is owed to Midland Funding, LLC.

    e. 15 U.S.C. §1692e(11) as the publications failed to disclose they were from a debt collector; were communications directed to the consumer; and not in a formal pleading.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiffs requests that the Court grant them the following relief against the Defendants:

a. Actual damages to the extent such individuals did sustain humiliation, embarrassment or emotional distress,

b. Statutory damages,

c. Injunctive relief, and

d. Statutory costs and attorney fees.

Respectfully submitted,

/s/_____.

Dated: November 18, 2015

Arvid Perrin (P25470)
P.O. Box 1646
Houghton Lake, MI 48629
(989) 202-2242